JC5VCHEEA

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                          19 CR 833 (SHS)
   ANTHONY CHEEDIE, CHAD ALLEN,
5  SHANE HANNA, CAMERON BREWSTER,
   KEVIN HANDREN, JOSEPH CIACCIO,
6  JOSEPH MINETTO, JOSEPH DEPAOLA,
   DEREK LARKIN, MATTIE CIRILO,
7
              Defendants.              ARRAIGNMENT/CONFERENCE
8
   ------------------------------x
9
                                       New York, N.Y.
10                                     December 5, 2019
                                       2:46 p.m.
11

12 Before:

13                 HON. SIDNEY H. STEIN,

14                                     District Judge

15                      APPEARANCES

16

17 GEOFFREY S. BERMAN,
        United States Attorney for the
18      Southern District of New York
   BENET J. KEARNEY
19 ROBERT B. SOBELMAN
        Assistant United States Attorneys
20
   FREDERICK L. SOSINSKY
21      Attorney for Defendant Cheedie

22 JASON E. FOY
        Attorney for Defendant Allen
23
   RICHARD H. ROSENBERG
24      Attorney for Defendant Hanna

25

JC5VCHEEA

1                          APPEARANCES (continued)

2    RYAN P. POSCABLO
          Attorney for Defendant Brewster
3
     SAMIDH J. GUHA
4         Attorney for Defendant Handren

5    TOMMY HAI VU
          Attorney for Defendant Ciaccio
6
     MICHAEL H. SPORN
7         Attorney for Defendant Minetto

8    ZACHARY MARGULIS-OHNUMA
          Attorney for Defendant DePaola
9
     BRIAN J. NEARY
10        Attorney for Defendant Larkin

11   MARK I. COHEN
          Attorney for Defendant Cirilo
12

13   ALSO PRESENT:  CHRISTOPHER BASTOS, NYPD/HSI
                    MARCUS MURPHY, DHS
14                  LISA CHAN, Pretrial Services
                    COURTNEY DEFEO, Pretrial Services
15

16

17

18

19

20

21

22

23

24

25

JC5VCHEEA

1          (Case called)

2          MS. KEARNEY:  Good afternoon, your Honor.

3          Benet Kearney and Robert Sobelman, for the United

4   States.  And with us at counsel table is Detective Christopher

5   Bastos, who is a task force officer with Homeland Security

6   Investigations; and Special Agent Marcus Murphy, with Homeland

7   Security Investigations.

8          THE COURT:  All right.  Good morning.  Good afternoon.

9          MR. SOSINSKY:  Sir, on behalf of defendant Anthony

10   Cheedie, Fred Sosinsky.  Mr. Cheedie is sitting in the first

11   row in the audience.

12          THE COURT:  The gentleman standing up?

13          MR. SOSINSKY:  Yes, sir.

14          THE COURT:  Welcome.

15          MR. SOSINSKY:  Thank you.

16          THE COURT:  Now, Mr. Cheedie, I take it, has -- he's

17   had a presentment, but he hasn't been arraigned; is that

18   correct?

19          MR. SOSINSKY:  I believe he was arraigned.  Yes?

20          MS. KEARNEY:  That's correct.

21          MR. SOSINSKY:  Yes.

22          MS. KEARNEY:  He has been arraigned.

23          THE COURT:  All right.  Fine.

24          MR. FOY:  May it please the Court, your Honor, my name

25   is Jason Foy, attorney for Mr. Chad Allen, standing in the

JC5VCHEEA

1  second row.  Good afternoon.

2          THE COURT:  Good afternoon.

3          And government, who's been arraigned, who hasn't been

4  arraigned?

5          MS. KEARNEY:  All of the defendants, except for

6  Mr. Allen, Mr. Hanna, and Mr. Brewster have been both presented

7  and arraigned.  The three defendants that I just named have

8  neither been presented, nor arraigned.

9          THE COURT:  All right.

10          MR. FOY:  Your Honor, did you want to handle the

11  arraignment at this time or wait until you do the appearances?

12          THE COURT:  I'll go through everybody, then we'll

13  handle it.

14          Next.

15          MR. ROSENBERG:  Yes, your Honor.  Good afternoon.

16          Richard Rosenberg, appearing for Shane Hanna, who is

17  standing up in the first row.

18          THE COURT:  Welcome.

19          And are you retained attorney, sir?

20          MR. ROSENBERG:  I am appointed today from CJA.

21          THE COURT:  All right.  Appointed CJA.  Correct?

22          Appointed under the CJA Act?

23          MR. ROSENBERG:  Yes, your Honor.

24          THE COURT:  Thank you.

25          MR. POSCABLO:  Good afternoon, your Honor.

JC5VCHEEA

1          Ryan Poscablo, on behalf of Cameron Brewster, who is

2     standing in the front row over my left shoulder.

3          THE COURT:  Welcome.

4          MR. POSCABLO:  Thank you, your Honor.

5          THE COURT:  Mr. Brewster has neither been presented,

6     nor arraigned; correct?

7          MR. POSCABLO:  That's correct, your Honor.

8          THE COURT:  All right.

9          MR. GUHA:  Good afternoon, your Honor.

10          Samidh Guha, on behalf of Kevin Handren.

11          Mr. Handren, with the Court's indulgence, we would

12     like to waive his presence.  He had a childcare and family

13     commitment that -- he's scheduled to be in the district

14     tomorrow morning, but wasn't able to move his travel plans

15     because of the family situation.  And we appreciate both the

16     accommodation of the U.S. Attorney's Office and the Court.

17          THE COURT:  And you're waiving his appearance today,

18     is that what you're telling me?

19          MR. GUHA:  Yes, your Honor.

20          THE COURT:  All right.  Thank you.

21          Next.

22          MR. VU:  Good afternoon, your Honor.

23          Tommy Vu, on behalf of Mr. Joseph Ciaccio, who is not

24     present.  Mr. Ciaccio is currently in a hospital, I believe,

25     paralyzed from the waist down.  He understands he has a right

JC5VCHEEA

1  to appear, but consents to a waiver.  I've spoken to the

2  Assistant U.S. Attorney obviously, as well, on this issue.

3              THE COURT:  All right.

4              So you're waiving his appearance?

5              MR. VU:  I am, your Honor.

6              THE COURT:  Thank you.

7              MR. SPORN:  Michael Sporn, for Joseph Minetto.

8              Good afternoon.

9              THE COURT:  Good afternoon.

10             MR. SPORN:  Mr. Minetto is standing.

11             THE COURT:  Good afternoon, sir.  Thank you.

12             And are you a CJA appointment?

13             MR. SPORN:  Yes, your Honor.

14             MR. MARGULIS-OHNUMA:  I'm Zachary Margulis-Ohnuma, 260

15 Madison Avenue, for Joseph DePaola, standing behind me.

16             Good afternoon, your Honor.

17             THE COURT:  You're CJA?

18             MR. MARGULIS-OHNUMA:  Correct.

19             THE COURT:  Please be seated.

20             MR. NEARY:  Good afternoon, Judge.  My name is Brian

21 Neary.  I represent Mr. Derek Larkin.  Mr. Larkin is present;

22 he's standing in the first row.

23             THE COURT:  Good afternoon.

24             You're a retained attorney, sir?

25             MR. NEARY:  I am, Judge.

JC5VCHEEA

1          THE COURT:  All right.  Thank you.

2          MR. COHEN:  Good afternoon, your Honor.

3          Mark Cohen, on behalf of Mattie Cirilo, who is

4     standing right behind me, your Honor.

5          THE COURT:  Yes.  All right.  Welcome.

6          MR. COHEN:  Thank you.

7          THE COURT:  Now -- and you're retained?

8          MR. COHEN:  I am, sir.

9          THE COURT:  Is Ms. Abate, Camille Abate, here?

10         MR. COHEN:  She's not present, Judge.  I haven't

11    communicated with her since I filed my notice about ten days

12    ago.

13         THE COURT:  All right.  Communicate with her.

14         Ms. Cirilo, who do you want to represent you, Mr.

15    Cohen?

16         DEFENDANT CIRILO:  Mr. Cohen.

17         THE COURT:  Fine.  Then I'm going to relieve

18    Ms. Abate, with the appreciation of the Court.

19         And Mr. Cohen, notify Ms. Abate of that.  And if she

20    has any issue, she can contact the Court.

21         MR. COHEN:  I will, your Honor.  Thank you.

22         THE COURT:  I think that's everybody.

23         All right.  Why don't we do the presentment for

24    Mr. Allen and for Mr. Hanna.  If you would rise, gentlemen.

25    And Mr. Brewster, all three of you.

JC5VCHEEA

1          Now, gentlemen, I want to inform you that each of you

2    have the right to remain silent, and none of you have to make

3    any statement to the authorities whatsoever.  And if you've

4    made a statement to the authorities up to now, you don't have

5    to make any additional statement.  Any statements that you do

6    make, gentlemen, can be used against you.

7          Do you understand that, sir?

8          DEFENDANT ALLEN:  Yes, sir.

9          THE COURT:  Sir?

10         DEFENDANT HANNA:  Yes.

11         DEFENDANT BREWSTER:  Yes.

12         THE COURT:  All right.

13         Now, you have the right to be represented by an

14   attorney today and at all future proceedings in this case.  And

15   if you cannot afford an attorney, I will appoint an attorney to

16   represent you.

17         So now let's look at each of your situations.

18         Mr. Allen, I have a CJA 23 form in front of me.  And

19   I'm going to have my deputy show that to you.  And I'm going to

20   ask you if that's your signature there.  And don't answer right

21   now, because I'm going to ask my deputy to put you under oath

22   as well.

23         (Defendant sworn)

24         THE DEPUTY CLERK:  State your full name, and spell

25   your name for the record.

JC5VCHEEA

1          THE DEFENDANT:  Chad Everett Allen.  C-H-A-D,

2     E-V-E-R-E-T-T, A-L-L-E-N.

3          THE COURT:  All right.  You may put your hand down,

4     Mr. Allen.

5          Is this your signature on the first page of CJA Form

6     23?

7          DEFENDANT ALLEN:  Yes.

8          THE COURT:  And is everything you've set forth here

9     true and accurate, sir?

10          DEFENDANT ALLEN:  Yes.

11          THE COURT:  All right.

12          I'm going to take a moment and read it.

13          (Pause)

14          THE COURT:  Now, Mr. Allen, I'm going to approve this

15     form.  But I need to notify you that if at some point a

16     determination is made that you do not qualify for a free

17     attorney, that you will have to repay the reasonable value of

18     the services rendered by your CJA attorney.

19          Do you understand that?

20          DEFENDANT ALLEN:  Yes.

21          THE COURT:  All right.

22          And I've signed -- I've approved that CJA form.

23          And Mr. Foy, have you already been appointed pursuant

24     to the CJA Act to represent Mr. Allen?

25          MR. FOY:  No, you would have to.

JC5VCHEEA

1          THE COURT:  All right.  I hereby do that.

2          MR. FOY:  Thank you.

3          THE COURT:  Thank you, sir.

4          All right.  Mr. Hanna.

5          Ms. Blakely, swear Mr. Hanna in please.

6          (Defendant sworn)

7          THE DEPUTY CLERK:  Please state your full name, and

8    spell your name for the record.

9          DEFENDANT HANNA:  Shane Michael Hanna.  S-H-A-N-E,

10   M-I-C-H-A-E-L, H-A-N-N-A.

11         THE COURT:  Mr. Hanna, is this your signature on the

12   CJA Form 23 that I have before me?  If you can't see it, I'll

13   have my deputy give it to you.

14         DEFENDANT HANNA:  Yes.

15         THE COURT:  Is this your signature?

16         DEFENDANT HANNA:  Yes, it's my signature.

17         THE COURT:  Here, Ms. Blakely, give it to Mr. Hanna.

18         Swear Mr. Hanna in please.

19         He's been sworn in.  That's right.

20         Is that your signature, sir?

21         DEFENDANT HANNA:  Yes, sir.

22         THE COURT:  Is everything here true and accurate?

23         DEFENDANT HANNA:  Yes, sir.

24         THE COURT:  Same thing, sir.  I'm going to sign this,

25   approving you.  But I need to notify you that if at some point

JC5VCHEEA

```
1   it's determined that you do not qualify for CJA representation,

2   you will be required to pay back the reasonable value of your

3   attorney services.  Do you understand that?

4             DEFENDANT HANNA:  Yes, sir.

5             MR. ROSENBERG:  Like with Mr. Foy, your Honor, I would

6   be needed for you to appoint me today.

7             THE COURT:  And I am appointing Mr. Richard Rosenberg

8   as the CJA attorney for Mr. Hanna.

9             MR. ROSENBERG:  Thank you, Judge.

10            THE COURT:  All right.

11            Mr. Brewster.  Mr. Poscablo.

12            Mr. Poscablo, are you here as a retained attorney?

13            MR. POSCABLO:  I am, your Honor.

14            THE COURT:  I've already read Mr. Brewster's rights.

15  He has counsel.

16            So let's conduct the arraignment then for all three.

17            Mr. Allen, Mr. Hanna, Mr. Brewster, if you would each

18  rise.

19            State for the record each of your names again.

20            DEFENDANT HANNA:  Shane Michael Hanna.

21            DEFENDANT ALLEN:  Chad Everett Allen.

22            DEFENDANT BREWSTER:  Cameron James Brewster.

23            THE COURT:  Have each of you received a copy of the

24  indictment in this case, which is 19 CR 833?

25            DEFENDANT ALLEN:  Yes, sir.
```

JC5VCHEEA

1          DEFENDANT HANNA:  Yes.

2          DEFENDANT BREWSTER:  Yes, your Honor.

3          THE COURT:  Each of you has the right to have me read

4    that indictment in open court.  But if you don't want me to

5    read it, I won't.  What's your pleasure sir?

6          DEFENDANT ALLEN:  No.

7          DEFENDANT HANNA:  No, sir.

8          DEFENDANT BREWSTER:  No, your Honor.

9          THE COURT:  All right.  All three, I take it, have

10   voluntarily waived and knowingly waived the right to have the

11   indictment read.

12         Did you discuss the indictment with your attorney,

13   sir?

14         DEFENDANT ALLEN:  Yes, sir.

15         THE COURT:  Did he answer your questions about it, if

16   you had any?

17         DEFENDANT ALLEN:  He did.

18         THE COURT:  Sir, did you discuss the indictment with

19   your attorney?

20         DEFENDANT HANNA:  Yes, your Honor.

21         THE COURT:  And did he answer any questions you may

22   have had?

23         DEFENDANT HANNA:  Yes.

24         THE COURT:  And sir, did you discuss it with your

25   attorney and did he answer any questions about the indictment?

JC5VCHEEA

1          DEFENDANT BREWSTER:  Yes, your Honor, he has.

2          THE COURT:  How do you plead to the indictment, guilty

3     or not guilty?

4          DEFENDANT ALLEN:  Not guilty.

5          DEFENDANT HANNA:  Not guilty.

6          DEFENDANT BREWSTER:  Not guilty.

7          THE COURT:  All right.  I accept each of your

8     not-guilty pleas, gentlemen.  Thank you.  You may be seated.

9          All right.  Government, that was a little bit

10    confusing, but I take it at this point everyone has been

11    presented and arraigned and has entered a plea of not guilty

12    and has an attorney; am I correct?

13         MS. KEARNEY:  Yes, your Honor.  Thank you.

14         THE COURT:  All right.  Now, why don't you tell me

15    about the case.  I accepted this as related to the *Ketabchi*

16    case.  And I've read the indictment.  That's all I know.

17         MS. KEARNEY:  Thank you, your Honor.

18         This case concerns allegations of telemarketing fraud.

19         THE COURT:  The government believes it's related to

20    the *Ketabchi* fraud, is that it?

21         MS. KEARNEY:  Yes, your Honor.

22         The government alleges, in fact, that this conspiracy

23    is the same conspiracy as was charged in the *Ketabchi* fraud

24    case, that is, a business opportunity scheme whereby certain

25    telemarketing floors generate leads, that is, potential

JC5VCHEEA

1    victims --

2            THE COURT:  Well, the indictment -- I think the only

3    alleged scam in the indictment is what the *Ketabchi* case was

4    referred to by both sides as Biz Ops; is that correct?

5            MS. KEARNEY:  That's correct, your Honor.

6            THE COURT:  No other -- no grants or anything else,

7    just biz ops?

8            MS. KEARNEY:  No, your Honor.  The floors at issue

9    here did sell a variety of products, but the primary one is the

10   business opportunity scheme.  Certain of the floors engaged in

11   what we call the debt scheme, which is essentially the last

12   step in the business opportunity scheme; that is, the selling

13   of alleged debt consolidation services to victims who have

14   already paid money into the business opportunity scheme.  And

15   certain of the floors sold grants.

16           THE COURT:  And I take it -- I shouldn't take it.  Are

17   some of the unindicted co-conspirators here or some of the

18   alleged co-conspirators the same individuals who are defendants

19   in the *Ketabchi* indictment?

20           MS. KEARNEY:  That's correct.

21           THE COURT:  All right.

22           What else do you want to tell me?

23           MS. KEARNEY:  About the facts of this case or about

24   how we propose to proceed, your Honor?

25           THE COURT:  Either or both.

JC5VCHEEA

1         MS. KEARNEY:  Well, perhaps there will be overlapping.

2         As your Honor is aware, the discovery in the *Ketabchi*

3    case came from a variety of sources and was quite voluminous.

4    We expect that some of the discovery in that case will also be

5    applicable to this case as well, because similar individuals

6    were involved.

7         This case, discovery will also be voluminous, in

8    addition to the financial records and other records of that

9    type that one might expect.

10        We have executed search warrants at more than ten

11   premises, in addition to the premises that were searched in

12   connection with the *Ketabchi* case, and more than 15 email

13   accounts, some of which we are still waiting on the returns

14   for.

15        We've also executed a search warrant on at least one

16   cloud storage platform which stores both email and internal

17   documents.  It's not a Google drive, but it's similar to a

18   Google drive.

19        We also have audio recordings.  Our current

20   calculations, it's more than ten hours of audio recording.

21        As your Honor may recall, the *Ketabchi* case employed

22   the services of a coordinating discovery attorney.

23        THE COURT:  Ms. Greenwood, if I remember correct.

24        MS. KEARNEY:  Ms. Greenwood, yes.  And I think her

25   services made that case much more manageable than it would have

JC5VCHEEA

1    been.  And so we were hoping that your Honor might be amenable

2    to appointing Ms. Greenwood or someone else in that capacity.

3              THE COURT:  Is there any objection by any of the

4    defendants to the appointment of a coordinating discovery

5    attorney?

6              MR. SOSINSKY:  No, your Honor.

7              MR. FOY:  No, your Honor.

8              THE COURT:  Hearing none, then I'll sign an order

9    appointing Ms. Greenwood.

10             MS. KEARNEY:  We appreciate that.

11             Thank you, your Honor.

12             THE COURT:  The government should present it and run

13   it by the defendants.

14             MS. KEARNEY:  We will.  We intend to circulate a draft

15   protective order to defense counsel by next week.

16             My understanding is that it is helpful to

17   Ms. Greenwood if she is also able to comment on that order

18   before it's submitted, and so we'll solicit her input as well,

19   and then get it to your Honor.

20             THE COURT:  All right.

21             MS. KEARNEY:  Oh, one thing I should also just add.

22             We were recently advised that there's an investigation

23   by the Arizona Attorney General involving one of the floors at

24   issue in this case.  We have not received those materials, but

25   we expect to receive them in the future and we'll produce those

JC5VCHEEA

1    as well.

2              Once Ms. Greenwood is appointed and the protective

3    order is entered, we intend to produce our first batch of

4    discovery which, at this point, will consist of all of the

5    legal process that we've obtained to date, the inventories of

6    our search warrants, and hopefully that will give defense

7    counsel a sense of what this will entail.  From there, we'll

8    produce the returns, the recordings, the financial documents,

9    etc.

10             Your Honor may also recall that the *Ketabchi* case

11   involved a large number of electronic devices.  We intend to

12   proceed similarly, but better than we did in the *Ketabchi* case,

13   in that we've already imaged several of the devices that we

14   think will be relevant to this case in that case, and we'll

15   make those available to defense counsel upon their request.

16             We have seized, at our current estimate, approximately

17   128 devices in connection with this case in particular.  Our

18   intention at this point is to provide a catalog of those

19   devices, along with the status of the imaging by HSI.  And

20   defense counsel can request priority for the devices that they

21   believe will be most relevant and helpful to them; and so we'll

22   start that process as soon as we have a full accounting.

23             To be clear, your Honor, we don't intend to produce

24   all 128 devices, unless requested by defense counsel.  But we

25   will provide a list with sufficient detail for them to

JC5VCHEEA

1    determine which ones they would like to review.

2            Unless your Honor has additional questions, we think

3    that -- our proposal would be to come back to you in three

4    months.  Hopefully we will have made significant progress by

5    then, and defense counsel will be in a position to advise if

6    there are any motions that they contemplate.

7            THE COURT:  Now, I believe I have to handle some bail

8    applications; is that correct?

9            MS. KEARNEY:  That is correct, your Honor.

10           THE COURT:  For whom?

11           MS. KEARNEY:  For Mr. Allen, Mr. Hanna, and

12   Mr. Brewster.

13           THE COURT:  That's it, the three gentlemen that were

14   just arraigned?

15           MS. KEARNEY:  Correct.  The other defendants --

16           THE COURT:  Are any of the other defendants

17   incarcerated?

18           MS. KEARNEY:  No.

19           THE COURT:  All right.

20           Is there any objection to a status conference for a

21   status report in three months by the defense?

22           All right.  Mr. Sporn, you stood up before.  Do you

23   want to talk to me?

24           MR. SPORN:  Yes, Judge.

25           Just at the point where the government mentioned -- or

JC5VCHEEA

1    the Court mentioned submitting an order for a coordinating

2    defense attorney, someone among the defense will submit a

3    proposed order.

4              THE COURT:  Coordinate.  I don't care who does it,

5    just talk to each other.

6              MR. SPORN:  We will.

7              THE COURT:  Give me a proposal, a jointly proposed

8    one, if you can.  If you can't, I'll adjudicate it.  I've never

9    had an issue over the order appointing a coordinating defense

10   attorney, but if I have one, I'll deal with it.

11             MR. SPORN:  There won't be an issue; it's just that it

12   comes from our side of the aisle.  It doesn't matter.

13             THE COURT:  That is correct.  I agree with the last --

14             MR. SPORN:  At least I'm half right.

15             THE COURT:  I should also note the appearance of our

16   pretrial officers, as well, pretrial services officers.

17             Could you introduce please.

18             MS. CHAN:  Lisa Chan from pretrial.

19             MS. DEFEO:  And Courtney DeFeo, on behalf of pretrial

20   services.  Good afternoon.

21             THE COURT:  Good afternoon to both of you.

22             All right.  I think everyone is excused except

23   Mr. Allen, Mr. Hanna, and Mr. Brewster, and their attorneys so

24   I can deal with the question of whether they should be remanded

25   or remain out on bail.

JC5VCHEEA

1          Anything else?

2          Oh, I have to set a date for the conference.

3          Thank you, Ms. Blakely.

4          March 5th, 2020, at 3:30 p.m.

5          All right.  March 5th, 2020 at 3:30 p.m.

6          Anything else?

7          MS. KEARNEY:  Yes, your Honor.

8          The government requests that time be excluded pursuant

9    to the Speedy Trial Act until then so that we may produce

10   discovery and defense counsel may start reviewing it.

11         THE COURT:  Rather, I normally ask each defense

12   counsel to state whether they object or not.  But is there

13   anyone who wants to object to the exclusion of time?

14         Hearing no objection, I hereby exclude time from today

15   until March 9th, 2020 -- March 5th, thank you, March 5th, 2020,

16   pursuant to 18 United States Code 3161(h)(7)(A), with the

17   finding that the ends of justice outweigh the interests of the

18   public and each of the defendants here in a speedy trial.

19         This exclusion of three months will enable the

20   government to make production -- or at least put a substantial

21   dent in the production -- and for the parties to begin

22   discussions, if they so choose.

23         The exclusion is from today until March 5th, 2020.

24         All right.  Everyone except the government and those

25   three defendants and their attorneys are excused.   (Adjourned)